IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jesse Clendenen, | ) |
| Plaintiff, | ) |
| | ) 2:17-cv-01444 |
| v. | ) |
| Washington County CYS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Jesse Clendenen commenced this action against Washington County CYS ("Defendant") on November 6, 2017. (ECF No. 1.) The matter was initially administratively closed pending the completion of service by the United States Marshal Service, but the case was re-opened on February 6, 2018, following the Return of Service Returned Executed. (ECF No. 7.) Plaintiff mailed letters to Chambers on February 14, 2018, which indicated a Plaintiff's Request for Entry of Default. (*See* ECF Nos. 11, 12.) That was the last the Court has heard from Plaintiff.

The Court denied the Request for Entry of Default in light of the Court's previous order extending the Defendant's deadline to file its Rule 12 response. (ECF No. 14.) The Defendant timely filed its Motion to Dismiss, ECF No. 15, on April 9, 2018. After twenty-three (23) days had passed without a response from Plaintiff, the Court issued an Order granting the Plaintiff another twenty (20) days to respond to Defendant's Motion to Dismiss, providing a deadline of May 22, 2018. (ECF No. 20.) Plaintiff has not responded.

The Federal Rule of Civil Procedure enables this Court to dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a

court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). In *Poulis v. State Farm Fire & Casualty*, our Court of Appeals provided a roadmap for a court to consider before dismissing an action involuntarily. 747 F.2d 863 (3d Cir.1984). *Poulis* directs the district court to consider and balance the following factors when determining whether dismissal is appropriate:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*(Id.* at 868.) "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court. As we have already recognized, not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)

For the first factor, the fact that the Plaintiff is pro se indicates that Plaintiff alone is fully responsible for his case and his obligation to respond to both motions and Court orders. As for the second factor, the Defendant has been sued in federal court, and its first opportunity to defend itself, indeed through a dispositive motion, against the pled claims is met with radio silence. This case is thus put at a stand-still with the Defendant's liability hanging in the balance. The first two factors weigh heavily in favor of dismissing the case. The third factor, history of dilatoriness, weighs in favor of the Plaintiff, as this case is too young to offer any insight into whether Plaintiff's silence is a recurring theme. The Plaintiff gets the benefit of the doubt for this factor. Fourth, like the third factor,

there is no evidence of any bad faith or dilatory motive. This is a pro se Plaintiff, and the Court has no reason to believe any of his conduct with respect to this action originates from bad faith.

With respect to the fifth factor, there are few other sanctions available this early in the case. Given the *in forma pauperis* status of the Plaintiff,[1] monetary sanctions are inappropriate. However, there is the matter of whether this dismissal would function with or without prejudice—a distinction the Court addresses more fully below.

The final factor, meritoriousness of the claim or defense, weighs in favor of the Defendant. The Complaint alleges civil rights violations with respect to the right of parents, but it is difficult to decipher the factual allegations underlying the claim, which goes to the meritoriousness of Defendant's Motion to Strike for a More Definite Statement. (ECF No. 15.) Not only are the words physically difficult to read, but it strikes the Court as lacking in factual allegations yet abundant in legal conclusions. The Court also finds that given the topic of the Complaint—the civil rights of a parent in a case against CYS for custody decisions and scheduling matters[2]—suggests that the Court would have to abstain from such a case under various abstention doctrines.

Given its review of the above factors, the Court concludes it is appropriate to dismiss this action without prejudice. The Defendant has had to do little in this case other than file its Motion to Dismiss, ECF No. 15, and should the Plaintiff choose to bring its law suit in this Court again, Defendant will have its Motion at the ready. Dismissal is the appropriate response to Plaintiff's inability or unwillingness to prosecute his case because it is a waste of judicial resources to manage a case that the Plaintiff no longer shows an

---

[1] Order Granting Mot. For Leave to Proceed in forma pauperis, ECF No. 2.
[2] The Court is unable to offer any further description of the allegations in the Complaint due to its inability to decipher the writing.

interest in prosecuting. On the other hand, the Court also recognizes that this Plaintiff is *pro se* and the Complaint alleges civil rights violations. *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (noting that civil rights cases are given more lenient amendment opportunities than "ordinary" civil litigation). Thus, Plaintiff's sudden absence from his case will not prevent him from re-filing the action if appropriate and when he is ready to engage in the "emotionally, physically, and mentally vexing and laborious process" that is litigation. *Alexe v. Lucent Techs., Inc.*, No. 07-cv-453, 2007 WL 3026864, at *4 (D.N.J. Oct. 17, 2007) (administratively terminating with leave to re-open when plaintiff is medically able to litigate her case). And, the Defendant likely would not be prejudiced from re-asserting similar defenses to those it has asserted here, in addition to any new defenses that may arise.

Therefore, the Court will dismiss this action without prejudice due to Plaintiff's failure to prosecute. An appropriate Order will follow.

Hon. Mark R. Hornak
United States District Judge

cc: All counsel of record

Date: June 5, 2018